THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
Joseph P. Wilson (SBN 228180)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-4961
    Email: Joseph.P.Wilson@usdoj.gov

Priority _____
Send _____
Enter _____
Closed _____
JS-6/JS-6 ✗
JS-2/JS-3 _____
Scan Only _____

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>STANLEY ZURN; VALERY ZURN a.k.a. VALERIE ZURN; KELLUNION, LLC; ERNIE WELCH; COUNTY OF RIVERSIDE; CALIFORNIA, FRANCHISE TAX BOARD; and DOES 1 through 10,<br><br>    Defendants. | Case No. CV 07-07766 GW (FMOx)<br><br>[~~PROPOSED~~]<br><br>JUDGMENT AND ORDER OF SALE<br><br><br>Before: Honorable Judge Wu<br>Date: January 15, 2009<br>Time: 8:30 a.m.<br>Location: Courtroom 10, 312 North Spring Street, Los Angeles, CA |

The Motion for Summary Judgment filed by the United States of America (Plaintiff), came on for hearing before the Court on January 15, 2009. Based on the papers filed in this case, the arguments advanced at the hearing, and all other matters properly made part of the record,

**IT IS ORDERED:**

**Reduce Assessments to Judgment**

1.      As of December 31, 2008, the unpaid tax liability of Stanley P. Zurn was $1,013,945.77, and included both assessed and accrued liabilities (federal

1

1  income taxes, additions to tax, interest, fees and collection costs), for tax years
2  1986 and 1987.

3      2.    Stanley P. Zurn is personally liable and indebted to the United States
4  of America for his unpaid tax liability, including subsequent additions to tax and
5  interest as permitted by law, until the liability is paid in full.

6      3.    The unpaid tax liability, including subsequent additions to tax and
7  interest as permitted by law, until paid in full, is reduced to judgment against
8  Stanley P. Zurn, resolving the first cause of action in the Complaint in favor of the
9  United States.

10 **Fraudulent Conveyance of Real Property**

11     4.    The United States is entitled to set aside the transfer of the real
12 properties identified in paragraph 4a., 4b. and 4c.to the M. New Trust and,
13 subsequently, to Kellunion, LLC on the ground that the conveyances were
14 fraudulent, and in the alternative, on the ground that M. New Trust and Kellunion,
15 LLC are mere nominees and alter egos of defendant Stanley Zurn and that he
16 retained true ownership of his interest in those properties at all times.

17         a. The real property located at 427 Coronado Terrace, Los Angeles, CA.
18            The legal description of the property is as follows: "Lot 12 of tract
19            7870, in the City of Los Angeles, as per map recorded in Book 110,
20            page 93 of Maps, in the office of the County Recorder of Los Angeles
21            County." The property's assessor number is APN 5157-005-012.

22         b. The real property located at 1621 Cortez Street, Los Angeles, CA.
23            The legal description of the property is as follows: Lot 19 of Block D
24            of Glassell's Subdivision of Lot 3 in Block 39 of Bancock's Survey,
25            as per map recorded in Book 6, pages 138 and 139 of Miscellaneous
26            Records, in the office of the County Recorder of Los Angeles County.
27            The property's assessor parcel number is APN 5159-022-026.

28

2

c. The real property located at 1435 S. Union Avenue, Los Angeles, CA. The legal description of the property is as follows: Lot 37 of Margaret Tract, in the City of Los Angeles, as per map recorded in Book 15, page 44 of Miscellaneous Records, in the office of the County Recorder of Los Angeles County. The property's assessor parcel number is APN 5135-018-015.

**Foreclosure of Federal Tax Liens**

5. The United States of America has valid federal tax liens, in the amount of the unpaid tax liability, against the property interests of Stanley P. Zurn.

6. Stanley P. Zurn is the true owner of the three "subject properties," identified as:

a. The real property located at 427 Coronado Terrace, Los Angeles, CA. The legal description of the property is as follows: "Lot 12 of tract 7870, in the City of Los Angeles, as per map recorded in Book 110, page 93 of Maps, in the office of the County Recorder of Los Angeles County." The property's assessor number is APN 5157-005-012.

b. The real property located at 1621 Cortez Street, Los Angeles, CA. The legal description of the property is as follows: Lot 19 of Block D of Glassell's Subdivision of Lot 3 in Block 39 of Bancock's Survey, as per map recorded in Book 6, pages 138 and 139 of Miscellaneous Records, in the office of the County Recorder of Los Angeles County. The property's assessor parcel number is APN 5159-022-026.

c. The real property located at 1435 S. Union Avenue, Los Angeles, CA. The legal description of the property is as follows: Lot 37 of Margaret Tract, in the City of Los Angeles, as per map recorded in Book 15, page 44 of Miscellaneous Records, in the office of the

3

County Recorder of Los Angeles County. The property's assessor parcel number is APN 5135-018-015.

7. The federal tax liens are hereby foreclosed against the Stanley P. Zurn's interest in the three subject properties.

For <u>each</u> of the three subject properties:

8. The subject property is ordered to be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (hereinafter "Area Director"), or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

9. Any party to this proceeding or any person claiming an interest in the subject property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

10. The Area Director, or his delegate, is ordered to sell the subject property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with 28 U.S.C. §§ 2001(a) and 2002. The property shall be sold at a public sale to be held at the United States Courthouse, 312 North Spring Street, Los Angeles, California, as follows:

4

a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

b. The terms and conditions of sale shall be as follows:

    i. The Internal Revenue Service shall appraise the current fair market value of the subject property (appraised value).

    ii. The minimum bid shall be 75% of the appraised value.

    iii. The United States of America may bid a credit against its judgment and interest thereon, costs, and expenses, without tender of cash.

    iv. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before 5:00 p.m., within three (3) days of the date of sale.

    v. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States.

5

c. Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid. The accounting and report of sale shall be filed within ten (10) days from the date of sale. If no objections have been filed in writing in this cause with the Clerk of the Court, within fifteen (15) days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his deed to said purchaser.

d. Possession of the property sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the property sold to the purchaser.

e. The Area Director shall apply the proceeds of sale to expenses of sale and then in the following order of priorities:

   i. First, in satisfaction of any unpaid property taxes owing to the County of Los Angeles as secured against the subject real property on the date of sale;

   ii. Second, to the United States of America (Internal Revenue Service) and in satisfaction of the outstanding tax liabilities,

   iii. Third, if any surplus remains after making the aforesaid payments, the Area Director, or his delegate, shall so report, and return and pay the same into the registry of this Court for distribution under further order of this Court.

6

1  11. Court hereby retains jurisdiction of this action for the purpose of making
2      proper distribution of any surplus of the proceeds of sales, pursuant to the
3      Area Director's Accounting and Report of Sales.

4

5  **IT IS SO ORDERED.**

6

7  DATED: _Jan. 29, 2009_

8                                    GEORGE H. WU
                                     United States District Judge
9  Respectfully presented by:

10

11  THOMAS P. O'BRIEN
    United States Attorney
12  SANDRA R. BROWN
    Assistant United States Attorney
13  Chief, Tax Division

14

15  JOSEPH P. WILSON
16  Assistant United States Attorney
17  Attorneys for United States of America

18

19

20

21

22

23

24

25

26

27

28